UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **DK TRADING & SUPPLY, LLC** § § *Plaintiff,* § § v. § § **JA DAKIS CAPITAL, LLC D/B/A** § **GLOBAL OIL BUNKERING and** § **PETROS KALAMARAS** § § *Defendants.* § | Civil Action No. 3:24-cv-558 |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff, DK Trading and Supply, LLC ("Delek" or "Plaintiff") and files this Original Complaint against Defendant JA Dakis Capital, LLC d/b/a Global Oil Bunkering ("JA Dakis") and Petros Kalamaras ("Kalamaras," and together with JA Dakis, "Defendants"), and would respectfully show the Court as follows:

### I.    PARTIES

1. Plaintiff DK Trading and Supply, LLC is a Delaware limited liability company. Its sole member is Alon Refining Krotz Springs, Inc, which is a Delaware corporation with its principal place of business in Texas.

2. Defendant JA Dakis Capital, LLC d/b/a Global Oil Bunkering is a Florida limited liability company. Upon information and belief, JA Dakis's sole member is Petros Kalamaras, whose citizenship is noted below. JA Dakis may be served through its registered agent, Paracorp Incorporated, 14001 W. Hwy. 29, Suite 102, Liberty Hill, Texas 76542, or wherever it may be found.

3. Defendant Petros Kalamaras is the President of JA Dakis, and is domiciled in Florida and/or New York. He may be served at 5944 Coral Ridge Drive, #211, Coral Springs, Florida 33076 or wherever he may be found.

## II. JURISDICTION

4. This Court has subject matter jurisdiction because there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a), excluding interest and costs. This Court has personal jurisdiction over Defendants because they conduct business within the State of Texas and entered into a contract with Delek for services to be provided in Texas.

## III. BACKGROUND

5. On or about August 31, 2022, JA Dakis submitted a Credit Application to obtain a line of credit to purchase certain refined petroleum products from Delek US Holdings, Inc. and its subsidiaries and affiliates. The Credit Application was signed by Kalamaras.

6. JA Dakis subsequently purchased and received certain refined petroleum products on credit from Delek's refinery in Tyler, Texas.

7. JA Dakis fell behind on its payments and became indebted to Delek in the amount of $6,186,825.47.

8. On March 1, 2023, Delek, JA Dakis, and Kalamaras agreed that Defendants would pay the Unpaid Balance pursuant to the terms of the Payment Agreement, which included 24 weekly payments of $250,000 and 3% interest. Kalamaras signed the Payment Agreement in his individual capacity and on behalf of JA Dakis. A true and correct copy of the Payment Agreement is attached hereto as **Exhibit A-1.**

9. Defendants failed to make all of the weekly payments as required under the terms of the Payment Agreement. Delek provided notice of the indebtedness to Defendants and its

continual failure to pay on at least five occasions.

10. Delek kept systematic records of the amounts due and owing on Defendants' account and applied all lawful offsets, payments, and credits to the account. Delek's records reflect that JA Dakis's last payment was issued on April 19, 2023. The current balance owed is $4,756,825.47, plus 3% interest, for a total outstanding balance of $4,899,530.23. A true and correct copy of the records for Defendants' account is attached hereto as **Exhibit A-2.**

## IV.   CONDITIONS PRECEDENT

11. All conditions precedent have been performed or have occurred.

## V.   CAUSES OF ACTION

### COUNT 1: BREACH OF PAYMENT AGREEMENT

12. Delek repeats and realleges the factual allegations contained in the preceding paragraphs.

13. Delek and Defendants are parties to the Payment Agreement.

14. Delek complied with all terms and conditions of the Payment Agreement and fully performed its obligations.

15. Defendants breached the Payment Agreement by failing to make their weekly payments or otherwise repay the outstanding balance owed.

16. Defendants' failure to make their payments under the Payment Agreement caused significant damages to Delek.

17. As a result of Defendants' breaches of the parties' Payment Agreement, Delek has suffered and continues to suffer damages for which it is entitled to compensation in the amount of $4,756,825.47, plus 3% interest, for a total outstanding balance of $4,899,530.23. Additionally, Delek seeks to recover the reasonable and necessary attorney's fees, costs, and interest it incurs in prosecuting its breach of contract claims against Defendants.

## COUNT 2: SUIT ON A SWORN ACCOUNT

18. Delek repeats and realleges the factual allegations contained in the preceding paragraphs.

19. Delek sold and delivered goods to JA Dakis on an open account. JA Dakis accepted the goods and became bound to pay Delek its designated charges, which are just and true according to the terms of the agreements between the parties and/or the usual, customary, and reasonable rates for such goods in the relevant market.

20. Delek kept systematic records of the goods provided and the charges for those goods and applied all lawful offsets, payments, and credits to the account. **Exhibit A-2.**

21. Delek made multiple attempts to obtain payment, but to date, JA Dakis has not paid the indebtedness.

22. Delek is entitled to payment in the amount of $4,756,825.47, plus 3% interest, for a total outstanding balance of $4,899,530.23, which amount is just and true, is due, and against which all just and lawful offsets, payments, and credits have been allowed. Delek is additionally entitled to pre- and post-judgment interest, all reasonable and necessary attorney's fees, and costs.

### VI.   ATTORNEY'S FEES

23. As a result of the breach of contract, Delek had to employ an attorney to bring this action to recover damages. Delek is entitled to its attorney's fees for filing and prosecuting this lawsuit against Axis pursuant to section 38.001 of the Texas Civil Practice and Remedies Code and any other applicable law or in equity.

24. Delek is also entitled to recover interest under section 302.002 of the Texas Finance Code.

### VII.   JURY DEMAND

25. Delek hereby demands a trial by jury and states that it will tender the required fee.

## VIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Delek prays that summons be issued and served upon Defendants requiring them to appear and answer herein; that upon consideration hereof by the Court or the jury, Delek have and recover judgment of, from, and against Defendants, as follows:

1. Actual damages;

2. Reasonable and necessary attorney's fees for prosecution of this suit and any appeal;

3. Court costs;

4. Prejudgment and post judgment interest; and

5. Such other and further relief, both general and special, at law and in equity, to which Delek may show itself justly entitled.

Dated: March 6, 2024                    Respectfully submitted,

**BAKER & HOSTETLER, LLP**

By:   */s/ W. Ray Whitman*
    W. Ray Whitman
    Federal Bar No. 3778
    State Bar No. 21379000
    Nikki L. Morris
    Federal Bar No. 3257781
    State Bar No. 24098143
    L. David Anderson
    Federal Bar No. 33926
    State Bar No. 00796126
    2850 North Harwood Street
    Suite 1100
    Dallas, TX 75201-2640
    Telephone: (214) 210-1200
    Facsimile: (214) 210-1201
    Email: rwhitman@bakerlaw.com
    Email: nmorris@bakerlaw.com
    Email: danderson@bakerlaw.com

**COUNSEL FOR PLAINTIFF**